UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES LUMAR** | * | **CIVIL ACTION NO. 25-1264** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **ALLIED TRUST INSURANCE COMPANY** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |

\* \* \* \* \* \* \* \*

## ORDER & REASONS

Before the Court is a motion to reopen case and for reconsideration of this Court's order remanding this case to state court, R. Doc. 11, filed by Defendant Allied Trust Insurance Company ("Allied Trust:"). R. Doc. 13. Plaintiff James Lumar did not oppose the motion. Considering the record, briefing, and applicable law, the Court now rules as follows.

### I.   BACKGROUND

This case arises from alleged damage to Plaintiff's home caused by Hurricane Francine on September 11, 2024. R. Doc. 1-2 at 3–4. Allied Trust removed this matter to this Court on the basis of diversity jurisdiction, but after it filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court entered an order and reasons dismissing the case for lack of jurisdiction because there was insufficient record evidence that the amount in controversy exceeded $75,000.00. R. Doc. 11.

### II.   PRESENT MOTION

Allied Trust now asks this Court to reconsider its remand order. R. Doc. 13. It submits that, since it filed its original notice of removal on June 20, 2025, Plaintiff has produced documentation evidencing that the amount-in-controversy exceeds $100,000.00. R. Doc. 13-1 at 1–2. On August 21, 2025, Plaintiff sent a letter to Allied Trust which listed line items such as "Total Contractual Dispute $57,021.58" and "Penalties under RS 22:1892 $30,360.79." *Id.* at 1. These two line items

1

alone yield a total of $87,382.37 in damages, satisfying the statutory amount-in-controversy requirement. *Id.* at 2. Allied Trust lists other invoices—which it presses Plaintiff has had in his possession for over a year but has only since produced—all serving to further increase the amount-in-controversy. *Id.* Allied Trust contends "that it would suffer manifest injustice if this matter, which includes an admitted controversy of $113,597.08 were remanded to state court." *Id.* at 3–4.

### III. APPLICABLE LAW

In all cases removed to this Court on the basis of diversity jurisdiction, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The post-removal procedure statute further provides that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court." *Id.* Subpart (d) declares that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." *Id.* at § 1447(d); *see also State of La. v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) ("A remand order based upon lack of subject matter jurisdiction is not subject to review by the district court or on appeal.").

### IV. ANALYSIS

This Court found that it lacked subject matter jurisdiction over this controversy based on the facts present in the record at the time of removal because Allied Trust did not carry its burden as the removing party to demonstrate that *at the time of removal* the amount-in-controversy exceeded $75,000.00. R. Doc. 11; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[T]he removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists."); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir.

2014) (stating the "long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction"). Thus, this Court remanded the case to state court pursuant to 28 U.S.C. § 1447(c).

The post-removal procedure statute declares that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*." *Id.* at § 1447(d) (emphasis added). This includes a district court's reconsideration of its remand order. *Cf. Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)) (discussing that the Fifth Circuit "lacks jurisdiction under § 1447 if the district court based its remand order on either a lack of subject matter jurisdiction or a defect in removal procedure").

"'Not only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter.'" *LeBlanc v. Hardy*, No. 20-3157, 2021 WL 4133515, at *1 (E.D. La. Sept. 10, 2021) (quoting *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986)) (alteration removed). "Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court." *Majoue*, 802 F.2d at 167; *Thompson v. Radosta*, 906 F. Supp. 367, 368 (E.D. La. 1995) ("As noted, the Court's ruling was based on a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). For this reason the Court lacks jurisdiction to determine the present motion . . . [because t]he Court can only reconsider discretionary remand orders, not orders based upon lack of subject matter jurisdiction."); *Loeb v. Vergara*, No. 18-3165, 2018 WL 3374162, at *1 (E.D. La. July 11, 2018) (denying defendant's motion to reconsider remand order as unreviewable when remand was based on lack of subject matter jurisdiction);

*Smith v. JCC Fulton Dev., LLC*, No. 19-4962, 2019 WL 2340943, at *1 (E.D. La. June 3, 2019) (same).

The Clerk of this Court sent a remand letter to the Clerk of the State court on October 1, 2025. R. Doc. 11-1. This action divested this Court of jurisdiction. *Sprint Commc'ns*, 899 F. Supp. at 284. Reconsideration is therefore statutorily barred. *See id.* ("litigants are expected to present their strongest case when the matter is first considered"). The Court notes, however, that Allied Trust—now in possession of the required documentation to demonstrate that the amount-in-controversy exceeds the jurisdictional minimum—may be able to seek to remove this action again if it so chooses. For example, Allied Trust is well within the rule that diversity cases must be removed within one year of the commencement of the action "unless a district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). Plaintiff initiated this suit in May 2025. *See* R. Doc. 1-2 at 3. Thus, at least pursuant 28 U.S.C. § 1446(c), Allied Trust has ample time to remove this action again provided it can meet the other requirements of the applicable removal statutes.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Allied Trust's motion to reopen case and for reconsideration, R. Doc. 13, is hereby **DENIED**.

New Orleans, Louisiana, this 7th day of November, 2025.

THE HONORABLE ELDON E. FALLON